UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL A BROOKS,<br><br>    Petitioner,<br><br>    v.<br><br>THE INDETERMINATE SENTENCE REVIEW BOARD,<br><br>    Respondent. | Case No. C05-5301RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**August 19th, 2005** |

INTRODUCTION AND SUMMARY CONCLUSION

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. In reviewing the petition prior to service the court noted that petitioner had failed to allege facts showing exhaustion and failed to name a proper respondent. The court entered an Order to Show Cause. (Dkt. # 5). Petitioner's response to the order shows asks this petition be **DISMISSED WITHOUT PREJUDICE.** (Dkt. # 4).

FACTS

Petitioner challenges a 1978 conviction. He has not exhausted any issue in the petition and an order to show cause was entered. In response to the Order to Show Cause petitioner asks this

REPORT AND RECOMMENDATION - 1

action be dismissed and requests the court "grant him an appropriate extension of time for which to re-file his 28 U.S.C. § 2254 petition." (Dkt. # 4).

## DISCUSSION

### Exhaustion of State Remedies.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). No claim in this petition was presented to Washington State's highest court as a violation of a federal Constitutional right. A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982). No claim in this petition was presented to the state supreme court as a federal claim. Thus, the claims in this petition are unexhausted. A federal court faced with an unexhausted petition dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Rose v, Lundy, 455 U.S. 509, 522 (1982). Petitioner should be given that opportunity.

Petitioner's claims may now be time barred and it would be inappropriate to grant an extension of time if that were the case. If petitioner re-files, he may raise his arguments as to why the petition is not time barred at that time. Therefore the motion to extend time should be **DENIED.**

## CONCLUSION

Based on the foregoing discussion, the Court should **DISMISS** the petition **WITHOUT PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule

REPORT AND RECOMMENDATION - 2

72(b), the clerk is directed to set the matter for consideration on **August 19th 2005**, as noted in the caption.

DATED this 25th day of July, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3